IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TERENCE JAVON FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>CORPORAL FARRELL, TERRY MAYS, BECKY WRIGHT, and T. HINES,<br><br>    Defendants. | CIVIL ACTION NO.: 2:23-cv-104 |

# **O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS without prejudice** Plaintiff's conditions of confinement claim and Plaintiff's claims against Defendant Wright. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's due process claim against Defendants Farrell, Hines, and Mays.[1]

## **PLAINTIFF'S CLAIMS**[2]

Plaintiff is a detainee at the Wayne County Detention Center. Defendants are all prison officials at that facility. Plaintiff filed his Complaint after he was placed in lockdown following an interaction with Defendant Farrell. Doc. 1 at 6. Plaintiff alleges he was not served with a disciplinary report informing him of the reason for this disciplinary action. Id. Plaintiff alleges

---

[1]    Plaintiff has consented to the undersigned's plenary review. Doc. 6.

[2]    All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

he requested a hearing regarding his disciplinary status and Defendant Hines did not conduct a hearing upon request.  Id.  Plaintiff alleges this is a due process violation.  Id.

Plaintiff also alleges Defendant Farrell is denying inmates access to life's necessities, mainly showers.  Id. at 12.  Plaintiff alleges Defendant Farrell denied inmates access to showers after returning from recreation time.  Id.  Plaintiff alleges inmates are forced to choose between outdoor exercise or maintaining personal hygiene.  Id.

Lastly, Plaintiff alleges Defendants seized funds from his inmate account without providing him with any documents explaining the seizure or a procedural hearing.  Id. at 13.  Plaintiff alleges he should have been afforded a procedural hearing before Defendants seized funds from his inmate account.  Id.  Plaintiff alleges this is a due process violation.  Id.  Plaintiff seeks monetary damages and injunctive relief.  Id. at 14.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    Plaintiff's Conditions of Confinement Claim**

Plaintiff brings a conditions of confinement claim related to Defendant Farrell's decision to keep showers closed after outdoor recreation time in August 2023.[3] Doc. 1 at 5, 12. Plaintiff alleges inmates are forced to pick between outdoor exercise and maintaining personal hygiene. Id. at 12

Conditions of confinement imposed prior to conviction are reviewed under the due process clause of the Fourteenth Amendment. Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985) (citing Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979)). Jail officials must provide a "reasonable level of food, living space, and medical care" to pretrial detainees. Id. at 1574. The Fourteenth Amendment is implicated only when jail conditions deprive a detainee of "the minimal civilized measure of life's necessities." Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). However, the Constitution

---

[3]    Plaintiff alleges the incident occurred on August 8, 2023. Doc. 1 at 5. Plaintiff also alleges showers were locked again sometime after August 16, 2023. Id. at 12. It is unclear if Plaintiff is referring to two separate incidents or the same incident. However, even if the showers were closed on more than one occasion, Plaintiff still fails to identify any persistent or extraordinary deprivation, and my analysis remains the same.

"does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and "does not require that prisoners be provided any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration." Newman v. Alabama, 559 F.2d 283, 291 (11th Cir. 1977), rev'd and remanded, in part, on other grounds sub nom., Alabama v. Pugh, 438 U.S. 781 (1978).

Plaintiff alleges he was denied access to showers for one day upon returning from outdoor recreation time. Doc. 1 at 5, 12. However, Plaintiff does not state he was deprived of access to showers beyond one or two instances or he was denied access to any other necessities. Instead, Plaintiff outlines how often showers remained open for inmates throughout the day before this incident. Id. at 11. This claim does not rise to the level of a constitutional deprivation. See Gross v. White, 340 F. App'x 527 (11th Cir. 2009) (finding allegations unnamed deputies shut off water supply for first 36 hours of six-day period during which pretrial detainee was in medical isolation did not state claim for violation of detainee's rights based upon conditions of confinement where detainee admitted he received meals while he remained in isolation); Alfred v. Bryant, 378 F. App'x 977, 978 (11th Cir. 2010) (holding an inmate who stayed in a cell without a mattress and properly functioning toilet for 18 days failed to state a claim for unconstitutional conditions of confinement). Accordingly, I **DISMISS** Plaintiff's conditions of confinement claim.

## II.      Plaintiff's Claims Against Defendant Wright

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal

4

particularity how overt acts of the defendant caused a legal wrong."). Plaintiff has not made any allegations against Defendant Becky Wright. Although Plaintiff lists Defendant Wright in the case caption, he has not alleged any facts related to Defendant Wright in his Complaint. Plaintiff has failed to state any allegations associating Defendant Wright with a legal wrong. For these reasons, I **DISMISS** Plaintiff's claims against Defendant Wright.

## CONCLUSION

For the foregoing reasons, I **DISMISS without prejudice** Plaintiff's conditions of confinement claim and Plaintiff's claims against Defendant Wright. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's due process claim against Defendants Farrell, Hines, and Mays.

**SO ORDERED**, this 4th day of September, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA